# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-165-KDB-DCK

| | |
|---|---|
| **A. G., individually and as lawful guardian ad litem of Minor Child L.G.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE CITY OF STATESVILLE; MICHAEL FATTALEH, in his individual capacity; WILLIAM MANNERS; and COLLEEN GUERIN, a/k/a COLLEEN FLOOD,**<br><br>**Defendants.** | **CONSENT PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Consent Protective Order" (Document No. 52) filed July 21, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

Pursuant to Federal Rule of Civil Procedure 26 and with the consent of the parties, IT IS HEREBY ORDERED that in order to protect the legitimate interests of the parties in maintaining the confidentiality of certain sensitive, private and/or proprietary information that may be disclosed during the course of this lawsuit, the parties will follow these directions:

1. <u>Designation of Material as Confidential</u>. Any party to the above-captioned actions (or recipient of a third-party subpoena) that provides discovery materials (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition or through some other device) (hereinafter, "Discovery Material(s)") may designate

such Discovery Materials as "Confidential." "Confidential" Discovery Material shall mean any document or information supplied in any form, or any portion thereof, which the producing party (including recipients of third-party subpoenas) in good faith believes contains confidential personal, business, commercial, research, medical, or financial information of any party. Discovery Material designated as "Confidential" shall be afforded the protections set forth in paragraph 5 of this Order. No Discovery Material that before its production in this litigation is known by the producing party to have been available to the public shall be designated as "Confidential."

2. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate as "Confidential" such portions of his/her deposition testimony (including exhibits) as implicate "Confidential" information of the type described in Paragraph 1 hereof by advising the court reporter and all parties of such fact on the record during the deposition or within ten (10) days, not including weekends or holidays, after the transcript of the deposition is received by his or her counsel. Until the ten (10) day period expires, all of the party's testimony will be considered "Confidential." No person shall be present during any portion of the deposition which has been designated as "Confidential" unless that person is inside or outside counsel for the parties or an authorized recipient of Discovery Materials containing such confidential information under the terms of this Order.

3. <u>Designation of Documents and Other Discovery Material As "Confidential."</u> Documents, portions of documents, answers to interrogatories, responses to requests for admission, and other Discovery Materials that meet the "Confidential" criteria of Paragraph 1 hereof may be designated as "Confidential" by stamping or otherwise marking the document, the portion of the document, or the Discovery Material as "Confidential." Documents need not be

designated as "Confidential" at the time they are made available for inspection but may be so designated at the time copies are produced, and information in such documents will be considered "Confidential" until copies are produced.

4. <u>Subsequent Designation of Discovery Material as "Confidential."</u> Any Discovery Material that is produced without being designated as "Confidential" may be so designated, with respect to future disclosure, by the producing party or person by sending a letter making such designation to each party who has received such Discovery Material. Disclosure of such Discovery Material before its designation as "Confidential" shall not violate the terms of this Order, provided, however, that a person possessing Discovery Material that is subsequently designated as "Confidential" shall prevent further disclosure of such Discovery Material except as authorized in this Order.

5. <u>Restrictions on the Disclosure of Confidential Discovery Material.</u> Discovery Material designated as "Confidential" and all information contained therein shall not be disclosed to or discussed with any person except:

    a. inside and outside counsel to the parties, their insurer(s) and their staffs (including legal assistants and other persons employed and supervised by such counsel as reasonably necessary to assist such counsel in the conduct of this litigation);

    b. the parties and any agents of the parties as reasonably necessary to assist counsel in the conduct of this litigation, including but not limited to board members, directors, and officers of the parties;

    c. treating physicians and mental healthcare providers, for the purpose of assisting with any examination, diagnosis, or treatment;

- d. experts from whom counsel may seek to obtain evidence or advice, to the extent deemed reasonably necessary by counsel for the conduct of this litigation;

- e. the mediator(s) selected by the parties;

- f. the Court (including the jury);

- g. court reporters;

- h. federal or state regulatory agencies that seek such documents pursuant to their legal authority; and

- i. other persons only upon consent of the designating party or person or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

Persons having knowledge of Confidential Discovery Material by virtue of their participation in the conduct of this litigation shall use that Confidential Discovery Material only in connection with the prosecution or appeal of this litigation or other litigation between the same parties, and shall neither use such Confidential Discovery Material for any other purpose nor disclose such Confidential Discovery Material to any person who is not listed in Paragraphs 5 a-i of this Order.

6. <u>Compliance</u>. Before the disclosure of Discovery Material which has been designated as "Confidential" to those persons or entities authorized under paragraph 5i of this Order to receive such Discovery Material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read. Upon reading this Order, such person or entity shall sign an acknowledgement, substantially in the form annexed hereto as <u>Exhibit A</u>, acknowledging that he or she has read this Order and will abide by its terms. A copy of the signed

acknowledgement shall be retained by counsel for the party obtaining it, and provided to counsel for any party upon request within two (2) days of any such request, unless the Discovery Material designated as "Confidential" was disclosed to an expert consulted by one of the parties. In such case, a copy of the signed acknowledgement shall be retained by counsel obtaining them and provided to counsel for any party upon request at the conclusion of the litigation. This provision shall apply regardless of whether the expert in question is ultimately retained by the party disclosing the Discovery Material designated as "Confidential."

      7.    <u>Resolution of Challenges to Designations</u>. Entering into, agreeing to and/or producing or receiving Discovery Materials, or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular Discovery Material contains or reflects proprietary or sensitive commercial or personal information or other confidential matter; (b) prejudice in any way the rights of any party to apply to the Court for an order that information designated as "Confidential" need not be treated as confidential; (c) prejudice in any way the rights of any producing party or person to object to any discovery request that seeks information or documents that it considers not subject to discovery; or (d) prejudice in any way the rights of a party to seek a determination of the Court that particular Discovery Materials should be produced. No party to this action is obliged to challenge the protected status of any Discovery Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a receiving party seeks to challenge the appropriateness of the "Confidential" designation of any Discovery Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the receiving party shall give the producing party written notice challenging the designation of specified Discovery Material designated as

"Confidential." The producing party shall have ten (10) business days after receipt of the required written notice within which to seek a protective order pursuant to Federal Rule of Civil Procedure 26. Any document, testimony or other Discovery Material designated as "Confidential" shall continue to be treated as confidential until the Court rules on any motion concerning the "Confidential" designation, or until such motion is otherwise resolved.

8. <u>Submission and Use of Confidential Discovery Material in Court Proceedings</u>. Any documents or tangible things designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain its protected confidential status only by Order of the Court pursuant to the applicable Local Rules of Civil Procedure governing sealed documents. Nothing contained herein shall prohibit or limit the publishing of Confidential documents to the jury during trial after the Court has provided the appropriate instruction to the jury.

9. <u>Receipt of Subpoena</u>. If any party in possession of Discovery Material designated as "Confidential" under this Order receives a subpoena or other formal or written request seeking production or other disclosure of such Discovery Material, that party shall within two (2) business days after receipt of such subpoena or request give written notice to counsel for the party or person who designated the Discovery Materials as "Confidential," and shall enclose a copy of the subpoena or request in the required written notice. The party in possession of such Discovery Material shall not incur any further obligation with respect to resisting such compulsory process. Where possible, at least ten (10) business days' notice before production or other disclosure shall be given to counsel for the party or person who designated the Discovery Material as "Confidential."

10. <u>Return of Discovery Material Upon Termination of This Action</u>.  Within forty-five (45) days after the final conclusion of an action covered by this Order (including any appeals), and unless the Court otherwise orders, any Discovery Material produced in that action and any copies thereof which have been made shall be returned to the producing party or person upon request or such Discovery Material shall be certified in writing to have been destroyed, provided, however, that counsel shall be permitted to retain such Discovery Material as constitute a part of the record file of the litigation.

11. <u>Modification of Order</u>.  A party or non-party may at any time apply to the Court for modification of this Order pursuant to a regularly noticed motion.

12. <u>Non-parties</u>.  Any person or entity not a party that provides Discovery Materials in the above-captioned matter, may, through his, her or its counsel, choose to become subject to this Order for the purposes of designating as "Confidential" Discovery Materials provided by that person.  Discovery Materials designated as "Confidential" by any person or entity not a party that chooses to become subject to this Order shall be accorded the protections set forth in Paragraph 7 of this Order.  Any person or entity not a party that chooses to become subject to this Order may do so by signing a copy of this Order, having his, her or its counsel sign the Order, and sending a signed copy of the same to counsel for each party.

Signed: July 22, 2021

_____
David C. Keesler
United States Magistrate Judge

| | |
|---|---|
| **JAMES, McELROY & DIEHL, P.A.** | **WOMBLE BOND DICKINSON (US), LLP** |
| /s/ J. Alexander Heroy<br>J. Alexander Heroy (State Bar # 39752)<br>Jennifer M. Houti (State Bar # 45442)<br>525 N. Tryon Street, Ste. 700<br>Charlotte, North Carolina 28202<br>Telephone: (704) 372-9870<br>Email: aheroy@jmdlaw.com;<br>jhouti@jmdlaw.com<br>*Attorneys for Plaintiffs* | /s/Michael A. Ingersoll<br>Michael A. Ingersoll<br>Sean F. Perrin<br>3500 One Wells Fargo Center<br>301 South College Street<br>Charlotte, NC 28202<br>Telephone: (704) 350-6359<br>Email: Mike.Ingersoll@wbd-us.com<br>Sean.Perrin@wbd-us.com<br>*Attorneys for Defendant Michael Fatellah in his individual capacity* |
| **WINTHROP & GAINES MESSICK, PLLC** | **MCANGUS, GOUDELOCK & COURIE** |
| /s/ Leah G. Messick<br>Leah G. Messick<br>706 Hartness Road<br>Statesville, NC 28677<br>Telephone: (704) 873-9544<br>Email: leah@winthrop-law.com<br>*Attorneys for Defendant The City of Statesville* | /s/ James D. McAlister<br>James D. McAlister<br>Post Office Box 30307<br>Charlotte, North Carolina 28230<br>Phone: (704) 643-6303<br>Fax: (704) 643-2376<br>Email: jmcalister@mgclaw.com<br>*Attorney for City of Statesville Police Department* |
| **CRANFILL SUMNER & HARTZOG LLP** | |
| /s/Virginia Wooten<br>Virginia Wooten<br>2907 Providence Road, #200<br>Charlotte, NC 28211<br>Telephone: (704) 940-3401<br>Facsimile: (704) 831-5549<br>Email: VWooten@cshlaw.com<br>*Attorneys for Defendants Colleen Guerin and William Manners* | |